Todd Feltus (#019076)
KERCSMAR FELTUS & COLLINS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
tfeltus@kfcfirm.com

Richard M. Scherer, Jr., Esq. (*pro hac vice application forthcoming*)
LIPPES MATHIAS WEXLER FRIEDMAN LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: (716) 853-5100
Facsimile: (716) 853-5199
rscherer@lippes.com

Attorneys for Defendant
Monterey Financial Services, LLC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jocelyn Robinson and Adriane Reaser, | Case No. _____ |
| Plaintiffs, | Maricopa County Superior Court Case No. CV2021-002348 |
| v. | |
| Monterey Financial Services LLC, Experian Information Solutions, Inc., and TransUnion, LLC, | **DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S NOTICE OF REMOVAL** |
| Defendants. | (Federal Question) |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441, 1446 and LRCiv 3.6, Defendant Monterey Financial Services, LLC ("Defendant") removes this action, upon consent of Co-Defendants Experian Information Solutions, Inc. ("Experian") and TransUnion, LLC ("TransUnion") from the Maricopa County Superior Court, State of Arizona, to the United States District Court for the District

of Arizona.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331
The Court also has supplemental jurisdiction over the state law claims pursuant to
28 U.S.C. § 1367.  In support of this Notice of Removal, Defendant asserts the
following:

1.     Plaintiffs Jocelyn Robinson and Adriane Reaser ("Plaintiffs") filed
their Complaint on February 11, 2021 in the Superior Court of Arizona, Maricopa
County, styled *Jocelyn Robinson and Adriane Reaser v. Monterey Financial
Services, LLC; Experian Information Solutions, Inc; and TransUnion, LLC*, Case
No.:CV2021-002348.

2.     Upon information and belief, on or about February 24, 2021,
Defendant was served with a copy of the Summons and Complaint.

3.     Defendant is a California limited liability company with a principal
place of business in the State of California.

4.     At all times relevant hereto, Plaintiffs assert that they are citizens and
residents of the State of Arizona.

5.     Defendant desires to exercise its right to remove the Maricopa
County action pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part:

> Except as otherwise expressly provided by Act of
> Congress, any civil action brought in a State court of
> which the district courts of the United States have
> original jurisdiction, may be removed by the defendant
> or the defendants, to the district court of the United
> States for the district and division embracing the place
> where such action is pending.

6.     Plaintiffs' Complaint alleges violations of the Fair Credit Reporting
Act, 15 U.S.C. § 1681, *et seq* ("FCRA").

7.     Given the allegations in the Complaint that the Defendant violated
the FCRA, this Court, pursuant to 28 U.S.C. § 1331, has subject matter jurisdiction
over the allegations in the Complaint.

Keesmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Keesmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

8.      Thus, the Superior Court of Arizona, Maricopa County action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because this is a civil action pending within the jurisdiction of the United States District Court of Arizona and because the allegations made by Plaintiff allege violations of the FCRA.

9.      Notice of Removal is being filed within 30 days after service of the Complaint upon Defendant and is thus timely as set forth in 28 U.S.C. § 1446(b).

10.      Pursuant to 28 U.S.C. § 1441(a), venue is proper because Maricopa County lies within the District of Arizona.

11.      Pursuant to 28 U.S.C. § 1446(a), a copy of the pleadings served in this matter (Summons and Complaint) are attached hereto as **Exhibit A**, which has been redacted to exclude possible personal identifiers.

12.      Attached hereto as **Exhibit B** is a Civil Cover Sheet and Supplemental Cover Sheet.

13.      Additionally, Defendant obtained the consent of Experian and TransUnion, which is attached hereto as **Exhibit C**.

14.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is contemporaneously being filed with the Superior Court of Arizona, Maricopa County, and eserved (since I'll be eserving through TurboCourt) on Plaintiffs.  By serving a copy of this Notice of Removal upon Plaintiffs, Defendant is giving Plaintiffs proper notice of this removal.

15.      Defendant reserves the right to amend or supplement this Notice of Removal and further reserves the right to raise all defenses or objections.

DATED this 10th day of March, 2021.

KERCSMAR FELTUS & COLLINS PLLC

By: *s/ Todd Feltus*

Todd Feltus
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251

Richard M. Scherer, Jr.
(*pro hac vice application forthcoming*)
LIPPES MATHIAS WEXLER FRIEDMAN LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202

*Attorneys for Defendant*

# EXHIBIT A



Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
2/11/2021 3:16:37 PM
Filing ID 12536898

Person/Attorney Filing: Kevin F McCarthy
Mailing Address: 4250 N. Drinkwater Blvd, Ste 320
City, State, Zip Code: Scottsdale, AZ 85251
Phone Number: (602)492-2826
E-Mail Address: kevin.mccarthy@mccarthylawyer.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011017, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Jocelyn Robinson, et al.
Plaintiff(s),
v.
Monterey Financial Services, LLC,
et al.
Defendant(s).

Case No.  **CV2021-002348**

**SUMMONS**

To: Monterey Financial Services, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *February 11, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *JACQUELINE NELSON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5413570

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
2/11/2021 3:16:37 PM
Filing ID 12536895

Kevin Fallon McCarthy (#011017)
Jacob W. Hippensteel (#032713)
Jacob.Hippensteel@McCarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447

*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Jocelyn Robinson and Adriane Reaser, | Case No.: **CV2021-002348** |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| Monterey Financial Services, LLC; Experian Information Solutions, Inc.; and TransUnion, LLC | |
| Defendants. | |

Plaintiffs, Jocelyn Robinson and Adriane Reaser, by and through undersigned counsel, upon information and belief, hereby complains as follows:

### I.     INTRODUCTION

1.     This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants have willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

2.     Additionally, Plaintiffs bring claims for violation of the Fair Debt

1  Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2  **II.          PARTIES**

3       3.    Plaintiffs are, and were at all times hereinafter mentioned, residents of

4  Maricopa County, Arizona.

5       4.    At all times pertinent hereto, Plaintiffs were "consumers" as that term

6  is defined by 15 U.S.C. §1681(a)(c).

7       5.    Defendant, Monterey Financial Services, LLC, is and at all times

8  relevant hereto was, a collection agency regularly doing business in the State of

9  Arizona.

10      6.    At all times pertinent hereto, Defendant Monterey was a "person" as

11 that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit

12 information as that term is described in 15 U.S.C. §1681s-2 et seq.

13      7.    Monterrey was at all relevant times engaged in the business of

14 attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

15      8.    Monterrey is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

16      9.    Defendants Experian Information Solutions, Inc. and TransUnion,

17 LLC are each a credit reporting agency, licensed to do business in Arizona and

18 regularly conducting business within the state of Arizona.

19      10.   Experian, and TransUnion each regularly engage in the business of

20 assembling, evaluating, and disbursing information concerning consumers for the

21 purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third

22 parties.

23      11.   Experian and TransUnion each publish such consumer reports to third

24 parties under contract for monetary compensation.

25      12.   At all times pertinent hereto, Defendants Experian and TransUnion

26 were each a "person" and "consumer reporting agency" as those terms are defined

27 by 15 U.S.C. §1681a(b) and (f).

28 **III.          JURISDICTION AND VENUE**

13.    That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k(d).

14.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiffs reside in and the injury occurred in Maricopa County, Arizona and Defendants do business in Arizona.

15.    Personal jurisdiction exists over Defendants as Plaintiffs reside in Arizona, Defendants have the necessary minimum contacts with the state of Arizona, and this suit arises out of Defendants' specific conduct with Plaintiff in Arizona.

## IV.    FACTUAL ALLEGATIONS

16.    Plaintiff is a consumer who is the victim of inaccurate credit reporting by Defendants Monterey, Experian, and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

17.    Experian and TransUnion are two of the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

18.    The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

19.    Experian and TransUnion each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

20.    Plaintiffs entered into a consumer credit contract with Vacation With Ease whereby Plaintiffs agreed to finance a timeshare vacation subscription that would allow Plaintiffs to book vacations through locations within the Vacation With Ease network.

21.    Unfortunately, Plaintiffs received a credit denial notice from Monterrey Financial Services, LLC, an affiliate of Defendant Monterey, informing Plaintiffs that their credit application through Vacation With Ease had been denied.

22.    Because Plaintiffs were denied extension of credit, as contemplated by

1    the consumer credit contract with Vacation With Ease, the contract was terminated
2    through the failure of a material term of the contract – the financing of the
3    purchase price.

4        23.    In spite of not having an enforceable contract with Plaintiffs, Vacation
5    With Ease hired Monterrey to assist in collecting on a debt allegedly owed by
6    Plaintiffs, i.e., the amount that was to be financed under the consumer credit
7    agreement that was not consummated.

8        24.    Monterrey, in their attempts to collect on the alleged debt, began
9    reporting a balance due and owing on Plaintiffs' consumer reports.

10        25.    That information furnished by Monterrey is inaccurate because the
11    contract was terminated upon Plaintiffs' credit denial.

12        26.    The inaccurate information harms plaintiff

**Plaintiff's Written Dispute**

14        27.    On or about October 19, 2020, Plaintiff sent written disputes to
15    Experian and TransUnion (the "Dispute Letters"), disputing the inaccurate
16    information regarding the Account reporting on Plaintiff's consumer reports.

17        28.    Upon information and belief, Experian and TransUnion each forwarded
18    Plaintiff's Dispute Letters to Monterrey.

19        29.    Upon information and belief, Monterrey received notification of
20    Plaintiff's Dispute Letters from Experian and TransUnion.

21        30.    Monterrey did not conduct an investigation, contact Plaintiff, contact
22    third-parties, or review underlying account information with respect to the
23    disputed information and the accuracy of the Account.

24        31.    Experian did not conduct an investigation, contact Plaintiff, contact
25    third-parties, or review underlying account information with respect to the
26    disputed information and the accuracy of the Account.

27        32.    TransUnion did not conduct an investigation, contact Plaintiff, contact
28    third-parties, or review underlying account information with respect to the

disputed information and the accuracy of the Account.

33.    Upon information and belief, Monterrey failed to instruct Experian and TransUnion to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

34.    Experian and TransUnion each employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

35.    At no point after receiving the Dispute Letters did Monterrey, Experian, or TransUnion communicate with Plaintiff to determine the veracity and extent of the information contained in Plaintiff's Dispute Letters.

36.    Experian and TransUnion relied on their own judgment and the information provided to them by Monterrey, rather than grant credence to the information provided by Plaintiff.

### Count I –Experian and TransUnion

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b)

37.    Plaintiffs re-allege and reaffirm the above paragraphs as though fully set forth herein.

38.    After receiving the Dispute Letters Experian and TransUnion each failed to correct the false information regarding the Account each was reporting on Plaintiffs' consumer reports.

39.    Defendants Experian and TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each published and maintained concerning Plaintiffs.

40.    As a result of this conduct, action, and inaction by Defendants Experian and TransUnion, Plaintiffs suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiffs' normal and usual activities for which Plaintiff seeks

1  damages in an amount to be determined by the trier of fact.

2      41.    Experian and TransUnion's conduct, action, and inaction were willful,

3  rendering each liable to Plaintiffs for punitive damages pursuant to 15 U.S.C.

4  §1681n.

5      42.    In the alternative, Experian and TransUnion's conduct was negligent,

6  entitles Plaintiffs to recover damages under 15 U.S.C. §1681o.

7      43.    Plaintiffs are entitled to recover costs and attorneys' fees from

8  Defendants Experian and TransUnion pursuant to 15 U.S.C. §1681n and/or

9  §1681o.

10                          **Count II –Experian and TransUnion**

11               **Fair Credit Reporting Act Violation – 15 U.S.C. §1681(i)**

12      44.    Plaintiffs re-allege and reaffirm the above paragraphs as though fully

13  set forth herein.

14      45.    After receiving the Dispute Letters, Experian and TransUnion failed to

15  correct the false information regarding the Account each was reporting on

16  Plaintiffs' consumer reports.

17      46.    Experian and TransUnion each violated 15 U.S.C. §1681i by failing to

18  delete inaccurate information in Plaintiffs' credit files after receiving actual notice

19  of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to

20  maintain reasonable procedures with which to filter and verify disputed

21  information in Plaintiffs' credit files.

22      47.    As a result of this conduct, action and inaction of Experian and

23  TransUnion, Plaintiffs suffered damage, and continues to suffer, actual damages,

24  including economic loss, damage to reputation, emotional distress and interference

25  with Plaintiffs' normal and usual activities for which Plaintiffs seek damages in an

26  amount to be determined by the trier of fact.

27      48.    Experian and TransUnion's conduct, action, and inaction were willful,

28  rendering each liable to Plaintiffs for punitive damages pursuant to 15 U.S.C.

1   §1681n.

2   49.     In the alternative, Experian and TransUnion was negligent, entitling

3   Plaintiffs to recover damages under 15 U.S.C. §1681o.

4   50.     Plaintiffs are entitled to recover costs and attorneys' fees from Experian

5   and TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

6                              **Count III – Monterey**

7         **(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))**

8   51.     Plaintiffs re-allege and reaffirm the above paragraphs as though fully

9   set forth herein.

10  52.     After receiving the Dispute Letters, Monterey failed to correct the false

11  information regarding the Account reporting on Plaintiffs' consumer report.

12  53.     Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and

13  properly investigate Plaintiffs' disputes of Defendant Monterey's representations;

14  by failing to review all relevant information regarding Plaintiffs' disputes; by

15  failing to accurately respond to credit reporting agencies; by verifying false

16  information; and by failing to permanently and lawfully correct its own internal

17  records to prevent the re-reporting of Defendant Monterey's representations to

18  consumer credit reporting agencies, among other unlawful conduct.

19  54.     As a result of this conduct, action, and inaction of Defendant Monterey,

20  Plaintiffs suffered damages, and continues to suffer, actual damages, including

21  economic loss, damage to reputation, emotional distress, and interference with

22  Plaintiffs' normal and usual activities for which Plaintiffs seek damages in an

23  amount to be determined by the trier of fact.

24  55.     Defendant Monterey's conduct, action, and inaction were willful,

25  rendering Defendant liable to Plaintiffs for punitive damages pursuant to 15 U.S.C.

26  §1681n.

27  56.     In the alternative, Defendant Monterey was negligent, entitling

28  Plaintiffs to recover damages under 15 U.S.C. §1681o.

57.    Plaintiffs are entitled to recover costs and attorneys' fees from Defendant Monterey pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### Count IV – Monterrey

### (Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e)

58.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

59.    Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

60.    "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011).

61.    "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quoting Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006)).

62.    More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as insure that debt collectors who refrain from using such practices are not competitively disadvantaged. See, e.g., 15 U.S.C. § 1692(a), (e); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 996 (3d Cir.2011); Wilson, 225 F.3d at 354.

63.    "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 298 (3d Cir. 2008) (quoting

1   Rosenau, 539 F.3d at 221); see also Clomon v. Jackson, 988 F.2d 1314, 1318 (2d

2   Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to

3   ensure that the FDCPA protects all consumers, the gullible as well as the

4   shrewd.").

5       64.    "The basic purpose of the least-sophisticated [debtor] standard is to

6   ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.

7   This standard is consistent with the norms that courts have traditionally applied

8   in consumer-protection law."  Caprio v. Healthcare Revenue Recovery Grp., LLC,

9   709 F.3d 142, 148-49 (3d Cir. 2013) (quoting Lesher, 650 F.3d at 997).

10      65.    The FDCPA creates a broad, flexible prohibition against the use of

11  misleading, deceptive, or false representations in the collection of debts.  See 15

12  U.S.C. § 1692e; Hamilton v. United Healthcare of Louisiana, Inc., 310 F.3d 385,

13  392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general

14  prohibitions which "will enable the courts, where appropriate, to proscribe other

15  improper conduct which is not specifically addressed").

16      66.    Included as an example of conduct that violates section 1692e is the

17  false representation of the character, amount, or legal status of a debt.  15 U.S.C.

18  § 1692e(2)(A).

19      67.    Thus, the plain-language of the FDCPA makes it clear that under the

20  strict liability framework, any false representation as to the amount of the debt is

21  sufficient to show a violation of the FDCPA.  See Randolph v. IMBS, Inc., 368 F.3d

22  726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors

23  may not make false claims, period."); see also Turner v. J.V.D.B. & Associates, Inc.,

24  330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

25      68.    Under the same general prohibition of false, misleading, or deceptive

26  debt collection practices, the FDCPA prohibits a debt collector from

27  "[c]ommunicating or threatening to communicate to any person credit information

28  which is known or which should be known to be false. . . ."  15 U.S.C. § 1692e(8).

69.     NCA violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt, including by reporting false information to the credit reporting agencies concerning the Debt, and by failing to correct the false information once disputed.

## Prayer for Relief

**WHEREFORE**, Plaintiffs seek a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks their statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiffs pursuant to 15 U.S.C. § 1681n(a)(3); and

D.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## Trial by Jury

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and hereby demand, a trial by jury.

Respectfully submitted February 11, 2021

MCCARTHY LAW, PLC

By: */s/Jacob W. Hippensteel*
Jacob W. Hippensteel, Esq.
Attorneys for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
2/11/2021 3:16:37 PM
Filing ID 12536897

Person/Attorney Filing: Kevin F McCarthy
Mailing Address: 4250 N. Drinkwater Blvd, Ste 320
City, State, Zip Code: Scottsdale, AZ 85251
Phone Number: (602)492-2826
E-Mail Address: kevin.mccarthy@mccarthylawyer.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011017, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Jocelyn Robinson, et al.
Plaintiff(s),
v.
Monterey Financial Services, LLC,
et al.
Defendant(s).

Case No.  **CV2021-002348**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Kevin F McCarthy /s/
Plaintiff/Attorney for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
2/11/2021 3:16:37 PM
Filing ID 12536896

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

**Plaintiff's Attorneys:**
Kevin F McCarthy
Bar Number: 011017, issuing State: AZ
Law Firm: McCarthy Law PLC
4250 N. Drinkwater Blvd, Ste 320
Scottsdale, AZ 85251
Telephone Number: (602)492-2826
Email address: kevin.mccarthy@mccarthylawyer.com

Jacob Hippensteel - Primary Attorney
Bar Number: 032713, issuing State: AZ
Law Firm: McCarthy Law PLC
Telephone Number: (602)456-8900

**CV2021-002348**

**Plaintiffs:**
Jocelyn Robinson

Adriane Reaser

**Defendants:**
Monterey Financial Services, LLC
c/o Registered Agent Solutions 300 W Clarendon Ste 240
Phoenix, AZ 85013

Experian Information Solutions, Inc.
c/o CT Corporation System 3800 N Central Ave Ste 460
Phoenix, AZ 85012

TransUnion LLC
c/o The Prentice Hall Corporation 8825 N 23rd Ave Ste 100
Phoenix, AZ 85021

Discovery Tier t2

Case Category: Other Civil Case Categories

AZturboCourt.gov Form Set #5413570

Case Subcategory: other

# EXHIBIT B



JS 44  (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Jocelyn Robinson & Adriane Reaser | Monterey Financial Services LLC |

| | |
|---|---|
| (b)   County of Residence of First Listed Plaintiff    Maricopa<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Oceanside<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| (c)   Attorneys *(Firm Name, Address, and Telephone Number)*<br>Jacob Fallon McCathy, McCarthy Law PLLC, 4250 N. Drinkwater Blvd.,<br>Ste 320, Scottsdale Arizona 85251 (602) 456-8900 | Attorneys *(If Known)*<br>Todd Feltus, Kercsmar Feltus & Collins PLLC<br>7150 East Camelback Road, Suite 285, Scottsdale, Arizona  85251 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☒ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                             *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>     & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>     Student Loans<br>     (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>     of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>     Liability<br>☐ 320 Assault, Libel &<br>     Slander<br>☐ 330 Federal Employers'<br>     Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>     Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>     Product Liability<br>☐ 360 Other Personal<br>     Injury<br>☐ 362 Personal Injury -<br>     Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>     Product Liability<br>☐ 367 Health Care/<br>     Pharmaceutical<br>     Personal Injury<br>     Product Liability<br>☐ 368 Asbestos Personal<br>     Injury Product<br>     Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>     Property Damage<br>☐ 385 Property Damage<br>     Product Liability | ☐ 625 Drug Related Seizure<br>     of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>     28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>     New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>     3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>     Corrupt Organizations<br>☒ 480 Consumer Credit<br>     (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>     Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>     Exchange<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>     Accommodations<br>☐ 445 Amer. w/Disabilities -<br>     Employment<br>☐ 446 Amer. w/Disabilities -<br>     Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>     Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>     Conditions of<br>     Confinement | ☐ 710 Fair Labor Standards<br>     Act<br>☐ 720 Labor/Management<br>     Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>     Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>     Income Security Act | ☐ 870 Taxes (U.S. Plaintiff<br>     or Defendant)<br>☐ 871 IRS—Third Party<br>     26 USC 7609<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>     Actions | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>     Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>     Act/Review or Appeal of<br>     Agency Decision<br>☐ 950 Constitutionality of<br>     State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        Another District
        *(specify)*

☐ 6   Multidistrict
        Litigation -
        Transfer

☐ 8   Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Credit Reporting Act.
Brief description of cause:
Plaintiff alleged that Defendant furnished false information to credit bureaus

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
     UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
03/10/2021

SIGNATURE OF ATTORNEY OF RECORD
s/ Todd Feltus

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

**SUPPLEMENTAL CIVIL COVER SHEET**
**FOR CASES REMOVED FROM ANOTHER JURISDICTION**

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office

Additional sheets may be used as necessary.

1. **Style of the Case:**
   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

| Party | Party Type | Attorney(s) |
|-------|-----------|-------------|
|       |           |             |
|       |           |             |
|       |           |             |

2. **Jury Demand:**
   Was a Jury Demand made in another jurisdiction?    Yes              No
   If "Yes," by which party and on what date?

   _____          _____

3. **Answer:**
   Was an Answer made in another jurisdiction?    Yes            No
   If "Yes," by which party and on what date?

   _____          _____

**4.** **Served Parties:**

The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|---|---|---|
| | | |
| | | |
| | | |

**5.** **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|---|---|
| | |
| | |
| | |

**6.** **Nonsuited, Dismissed or Terminated Parties:**

Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|---|---|
| | |
| | |
| | |

**7.** **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claims |
|---|---|
| | |
| | |
| | |

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**

# EXHIBIT C



Todd Feltus (#019076)
KERCSMAR FELTUS & COLLINS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
tfeltus@kfcfirm.com

Richard M. Scherer, Jr., Esq. (*pro hac vice application forthcoming*)
LIPPES MATHIAS WEXLER FRIEDMAN LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: (716) 853-5100
Facsimile: (716) 853-5199
rscherer@lippes.com

Attorneys for Defendant
Monterey Financial Services, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jocelyn Robinson and Adriane Reaser,<br><br>Plaintiffs,<br><br>v.<br><br>Monterey Financial Services LLC, Experian Information Solutions, Inc., and TransUnion, LLC,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC.'S AND TRANSUNION LLC'S CONSENT TO REMOVAL** |

Without waiving any of its defenses or any other rights, Defendants Experian Information Solutions, Inc. and TransUnion, LLC hereby consents to the removal of the action, *Jocelyn Robinson and Adriane Reaser v. Monterey Financial Services, LLC; Experian Information Solutions, Inc.; and TransUnion, LLC,* Case No. CV2021-002348, from the Superior Court of the State of Arizona, in the County of Maricopa, to this Court.

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

DATED this 10th day of March, 2021.

JONES DAY

By: *s/ Benjamin Sanchez*
Benjamin Sanchez, Esq.
555 South Flower Street, 50th Floor
Los Angeles, California 90071
Telephone: (213) 243-2361
bsanchez@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

QUILLING, SELANDER LOWNDS,
WINSLETT & MOSER, P.C.

By: *s/ James Acosta*
James Acosta, Esq.
6900 N. Dallas Parkway, Suite 800
Plano Texas 75024
Telephone: (214) 871-2111
Facsimile: (214) 871-2111
jacosta@qslwm.com

*Attorneys for Defendant*
*TransUnion, LLC*

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001