Richard M. Scherer, Jr. (*pro hac vice*)
**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: (716) 853-5100
Facsimile: (716) 853-5199
Email: rscherer@lippes.com

Todd Feltus
**KERCSMAR & FELTUS PLLC**
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 990-6211
Email: tfeltus@kflawaz.com

Attorneys for Defendant
Monterey Financial Services, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jocelyn Robinson & Adriane Reaser, <br><br> Plaintiff, <br><br> v. <br><br> Monterey Financial Services, LLC, <br><br> Defendant. | Case No. 2:21-cv-00413-SPL <br><br> **DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S ANSWER TO COMPLAINT** |

Defendant Monterey Financial Services, LLC ("Defendant")[1], by and through its undersigned attorneys, answering the Complaint filed by Jocelyn Robinson and Adriane J. Reaser (collectively "Plaintiffs"), on information and belief:

## I. INTRODUCTION

1. Defendant admits that Plaintiffs allege Defendant violated the "Fair Credit Reporting Act." Defendant denies that it violated any statutory or common law with respect to this claim.

---

[1] Incorrectly spelled by Plaintiff as "Monterrey" throughout the Complaint.

1

2. Defendant admits that Plaintiffs allege Defendant violated the "Fair Debt Collection Practices Act." Defendant denies that it violated any statutory or common law with respect to this claim.

3. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3, and therefore denies same.

## II.   PARTIES

4. The allegations in Paragraph 4 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 4.

5. The allegations in Paragraph 5 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 5.

6. The allegations in Paragraph 6 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 6.

7. The allegations in Paragraph 7 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 7.

8. The allegations in Paragraph 8 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9, and therefore denies same.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10, and therefore denies same.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11, and therefore denies same.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12, and therefore denies same.

### III.   JURISDICTION AND VENUE

13. Defendant denies that the Maricopa County Superior Court has jurisdiction over this lawsuit. Accordingly, this action was removed to the District Court of Arizona

14. Defendant denies that the Maricopa County Superior Court is the proper venue for this lawsuit. Accordingly, this action was removed to the District Court of Arizona

15. The allegations in Paragraph 16 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 16.

### IV.   FACTUAL ALLEGATIONS

16. Defendant denies each and every allegation contained in Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17, and therefore denies same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18, and therefore denies same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19, and therefore denies same.

20. Defendant admits only that Plaintiffs entered into a Retail Installment Contract with Vacation with Ease. Defendant lacks information and knowledge with respect to the remaining allegations of Paragraph 20, and therefore Defendant denies same.

21. Defendant denies each and every allegation contained in Paragraph 21.

22. Defendant denies each and every allegation contained in Paragraph 22.

23. Defendant denies each and every allegation contained in Paragraph 23.

24. Defendant admits only that it reported Plaintiffs' debt with Experian and TransUnion. Defendant denies each and every remaining allegation contained in Paragraph 24.

25. Defendant denies each and every allegation contained in Paragraph 25.

26. Defendant denies each and every allegation contained in Paragraph 26.

## **PLAINTIFFS' WRITTEN DISPUTE**

27. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27, and therefore denies same.

28. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28, and therefore denies same.

29. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29, and therefore denies same.

30. Defendant denies each and every allegation contained in Paragraph 30.

31. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31, and therefore denies same.

32. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32, and therefore denies same.

33. Defendant admits only that it did not instruct to delete Plaintiffs' tradelines with Experian or TransUnion. Defendant denies each and every remaining allegation contained in Paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34, and therefore denies same.

35. Defendant denies each and every allegation contained in Paragraph 35.

36. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36, and therefore denies same.

## COUNT I – EXPERIAN AND TRANSUNION

**Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b)**

37. With respect to Paragraph 37, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 37.

38. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38, and therefore denies same.

39. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39, and therefore denies same.

40. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40, and therefore denies same.

41. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41, and therefore denies same.

42. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42, and therefore denies same.

43. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43, and therefore denies same.

## COUNT II – EXPERIAN AND TRANSUNION

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681(i)

44. With respect to Paragraph 44, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 44.

45. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45, and therefore denies same.

46. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46, and therefore denies same.

47. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47, and therefore denies same.

48. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48, and therefore denies same.

49. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49, and therefore denies same.

50. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50, and therefore denies same.

## COUNT III – MONTEREY

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

51. With respect to Paragraph 51, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 51.

52. Defendant denies each and every allegation in Paragraph 52.

53. Defendant denies each and every allegation in Paragraph 53.

54. Defendant denies each and every allegation in Paragraph 54.

55. Defendant denies each and every allegation in Paragraph 55.

56. Defendant denies each and every allegation in Paragraph 56.

57. Defendant denies each and every allegation in Paragraph 57.

## COUNT IV – MONTEREY

### Fair Debt Collection Practices Act Violation – 15 U.S.C. §1681e

58. With respect to Paragraph 58, Defendant repeats and realleges its answer to the allegations set forth in all of its responsive Paragraphs as if same were fully set forth at Paragraph 58.

59. The allegations in Paragraph 59 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 59.

60. The allegations in Paragraph 60 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 60.

61. The allegations in Paragraph 61 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 61.

62. The allegations in Paragraph 62 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 62.

63. The allegations in Paragraph 63 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 63.

64. The allegations in Paragraph 64 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 64.

65. The allegations in Paragraph 65 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 65.

66. The allegations in Paragraph 66 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 66.

67. The allegations in Paragraph 67 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 67.

68. The allegations in Paragraph 68 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 68.

69. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 69, as Defendant is unaware of the identity of "NCA." To the extent, this is a typographical error and "NCA" should have referred to Defendant, Defendant denies each and every allegation in Paragraph 69.

**FIRST AFFIRMATIVE DEFENSE**

70. The Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

71. The claims alleged in the Complaint are barred by the statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

72. Plaintiffs failed to mitigate their damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**

73. Plaintiffs' claim may be precluded, in whole or part, to the extent Plaintiffs'

damages, if any, were caused by Plaintiffs' acts and/or omissions.

## FIFTH AFFIRMATIVE DEFENSE

74. Plaintiffs' claims may be precluded, in whole or part, to the extent Plaintiffs' damages, if any, were caused by third parties over whom Defendant had no control or authority.

## SIXTH AFFIRMATIVE DEFENSE

75. Plaintiffs' damages, if any, are speculative.

## SEVENTH AFFIRMATIVE DEFENSE

76. To the extent that Defendant's actions violated the law, such actions were the result of a bona fide error notwithstanding reasonable procedures designed to avoid such error(s).

## EIGHTH AFFIRMATIVE DEFENSE

77. To the extent that Defendant's actions violated the law, such actions were neither intentional, nor willful.

## NINTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred by release, waiver, unclean hands, laches, estoppel and/or res judicata.

## TENTH AFFIRMATIVE DEFENSE

79. Plaintiff lacks Article III standing to pursue the claims in the Complaint.

WHEREFORE, Defendant Monterey Financial Services, LLC respectfully demands judgment against the Plaintiffs dismissing the Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and

proper, together with the costs and disbursements of this action.

DATED: March 15, 2021

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

*/s/ Richard M. Scherer, Jr.*
Richard M. Scherer, Jr., Esq.
(*pro hac vice*)
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202

Todd Feltus (#019076)
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251

*Attorneys for Defendant Monterey Financial Services, LLC*